## UNITED STATES v. NATIONAL SURETY CORPORATION.
### Civil Action No. 479.

District Court, D. New Jersey.
March 18, 1947.

Edgar H. Rossbach, U. S. Atty., by Edward V. Ryan, Asst. U. S. Atty., both of Newark, N. J., for plaintiff.

Frederic M. P. Pearse, of Newark, N. J., for defendant.

FAKE, District Judge.

The issues herein arise on a motion by plaintiff for reconsideration, and on reargument of a motion for leave to amend the original complaint, and for leave to amend the proposed amended complaint, and on petition of defendant requesting judgment be entered against it in the amount of $53.03.

The amendment was originally denied because it appeared that the substance thereof set up a new cause of action against the defendant, National Surety Corporation, which was barred by the statutes of limitation. Title 39, U.S.C.A. § 40 and Title 6, U.S.C.A. § 5.

The facts may be briefly stated as follows: Defendant surety company was surety for Thomas Craig, a postmaster in Buzzville from January 1, 1928, until June 22, 1933, at which time he died. His son, Leroy Craig, without any color of authority, assumed his father's duties as postmaster until October 12, 1934. On May 3, 1937, the postmaster's account of Thomas Craig was closed showing a deficiency of $1,910.60. The shortage in the account arising partly during the time of service of Thomas Craig and partly during the service of the son, Leroy Craig. The amendments sought to be filed are: 1. An allegation to the effect that after the death of Thomas Craig, his son, Leroy Craig, acted as postmaster from his father's death in 1933 to October 13, 1934 and that between these dates, he converted to his own use $1,960.33; and, 2. A further allegation to the effect that the account of said postmaster was closed on or about May 3, 1937.

The government contends that Title 39, U.S.C.A. § 38 makes the surety company liable on its bond up to and including the time a successor has been appointed and qualifies. A reading of the statute in question, together with, a reading of the bond show that the surety company, at the time of the defalcation, was responsible on its postmaster's bond, not only as to the father but also as to the son, for the defalcation. Examination of the pleadings on file show that the suit was instituted in time, to wit, on August 16, 1939. Insofar as the defendant surety company is concerned, the proposed amendments do not constitute a new cause of action since the action is on its bond.

Plaintiff's requests for leave to amend will be allowed and defendant's request for entry of judgment denied.